

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00238-CR

MICHAEL DALE THOMAS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27691

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On July 26, 2018, Michael Dale Thomas, Jr., pursuant to a plea bargain agreement, pled guilty to two counts of endangering a child and was placed on deferred adjudication community supervision for a period of four years and assessed a $300.00 fine as to count one. On October 22, 2019, Thomas's guilt was adjudicated, his community supervision was revoked, and he was sentenced to twenty-four months' confinement in a state jail facility for each count to run concurrently.

Thomas's appellate attorney filed a brief that set out the procedural history of the case, summarized the evidence elicited during the course of the trial court proceedings, and concluded that the appellate record presents no arguable grounds to be raised on appeal. Counsel has filed a brief pursuant to *Anders v. California* that has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to Thomas, provided him with a copy of the record, advised Thomas of his right to review the record and to file a pro se response, and advised him of the deadline to file his response. By letter dated January 27, 2020, we notified Thomas that his pro se brief was due on February 26, 2020. Also, by letter dated March 4, 2020, we notified

2

Thomas that this case had been set for submission on briefs for March 25, 2020. We received neither a pro se response nor a request for extension of time to file a pro se response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Yet, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non-reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, non-reversible error is found in the assessment of a fine in the judgment adjudicating guilt as to count one and in the certified bill of costs.

In this case, the trial court imposed a $300.00 fine in its order of deferred adjudication as to count one. However, when the trial court adjudicated Thomas's guilt, it did not orally pronounce a fine. Nevertheless, a $300.00 fine was included in the written judgment adjudicating guilt as to count one and in the certified bill of costs. "[W]hen an accused receives deferred adjudication, no sentence is imposed." *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). If his guilt is subsequently adjudicated, "the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." *Id*. Since fines are punitive and intended to be a part of the defendant's sentence, they "generally must be orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Supp.); *Taylor*, 131 S.W.3d at 500). When there is a conflict between the oral pronouncement of sentence in open court, which includes any imposition of a fine, and the written judgment, the oral pronouncement controls. *See Taylor*, 131 S.W.3d at 502

3

(citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)).  Since the trial court did not orally pronounce a fine, we find that the assessment of a fine in the judgment adjudicating guilt as to count one and in the bill of costs was error.

Accordingly, we modify the trial court's judgment adjudicating guilt as to count one by changing the fine to $0.00.  We also modify the certified bill of costs by changing the amount for "Fine" to $0.00 and by changing the amount for "Total" to $693.00.  Since we have determined that the appeal presents no reversible error, we affirm the trial court's judgment.[1]

Josh R. Morriss III
Chief Justice

Date Submitted:     March 25, 2020
Date Decided:       March 26, 2020

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.